ANDREWS v. EASTERN OREGON LAND COMPANY.

ERROR TO THE SUPREME COURT OF THE' STATE OF OREGON.·

No. 48. Argued October 19, 1906.—Decided November 12, 1906.·

Although the record of a case here on writ of error may fail to show how the facts on which the highest court of a State set aside the findings of the trial court were brought to its attention, this court cannot ignore the recitals of ·what·it considered, if it appears that testimony was in fact taken.

When the conclusions of the highest court of a State reversing the trial court' are in harmony with the general rule as to the effect to be given to a patent of the United States,· this court is not justified in setting the judgment aside upon a presumption of what might have been the testimony upon which the trial court made its findings.

45 Oregon, 203, affirmed.

THE facts are stated in the opinion.

Mr. S. M. Stockslager, with .whom Mr. George C. Heard was on the brief, for plaintiff in error.

Mr. Aldis B. Browne, with whom Mr. Alexander Britton was on the brief, for defendant in error.

MR. JUSTICE BREWER .delivered the opinion of the court.

This case brings before us a judgment of the Supreme Court of the State of Oregon.· 45 Oregon, 203. It involves the title to lot 3 and the east ½ of the southwest ¼ of section 7, township 1 north, range 17 east of the Willamette meridian. The plaintiff in error claims title as a preëmptor; the defendant in error under a patent from the United States. The land was patented as a part of the grant made by act of Congress approved February 25, 1867, 14 Stat. 409, of three alternate sections on each side of the road, to the Dalles Military Wagon Road Company, a full account of which is to be found in Wilcox. v. Eastern Oregon Land Company, 176 U. S. 51. If the patent was valid the title to the land was in the defend-

ant, and the judgment of the Supreme Court of Oregon was correct. There being no conflicting land grant the question whether the land was within the territorial limits of that to the road company is apparently one of fact only, and the decision of the Land Department on matters of fact is ordinarily conclusive in the courts.

The difficulty in the case arises from the condition of the record. This shows that by the trial court findings of fact and conclusions of law were made, one of the findings being that the land is situated entirely outside the limits of the grant and more than three miles from the road as actually surveyed, platted and constructed by the company, and certified by the Governor of the State to the Land Department. No testimony is preserved, although it appears that the case was referred to a referee, who took and reported the testimony. The Supreme Court reversed the judgment of the trial court, and, while making no special findings, in its opinion discusses certain matters of evidence, and, after stating that the testimony tends to show that the land was in fact within the limits of the grant, rests its conclusions upon the general proposition that there is no competent proof to impeach the records of the Land Department or overthrow the presumption of validity which attends a patent of the United States. The certificate of the clerk of the Supreme Court states that the transcript is the full and complete record filed in that court and upon which the appeal was heard; while the certificate of the clerk of the trial court to the record sent to the Supreme Court is "that the same is a full, true and correct copy of the complaint, amended answer, demurrer to the amended answer, reply, findings of fact and conclusions of law, undertaking on appeal, notice of appeal filed in my office in the above entitled cause, and of all journal entries made in said cause and of the whole thereof."

From this it is contended that the Supreme Court, without any evidence before it, set aside the findings of fact made by the trial court. But it is the judgment of the Supreme Court

whose validity we are to consider, and while it made no special findings, its statement of what was before it for consideration and its conclusions therefrom are sufficient to sustain its judgment. True the record fails to show how the facts were brought to its knowledge, but it is the highest court of the State, and we may not ignore its recital of what it considered, especially as it appears that testimony was in fact taken. *Egan* v. *Hart,* ·165 U. S. 188. And when its conclusions are in harmony with the general rule of the effect to be given to a patent of the United States we are not justified in setting aside the judgment upon any presumption of what might have been the testimony upon which the trial court made its findings.·

The judgment of the Supreme Court of the State of Oregon is

*Affirmed.*